# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>HEALTH RESOURCES AND SERVICES ADMINISTRATION, et al.,<br><br>　　　　Defendants. | Civil Action No. 24-0549 (JMC) |

## DECLARATION OF BRIAN A. MAY

I, Brian Andrew May, declare the following to be true and correct:

1. I am the Freedom of Information Act ("FOIA") Officer, Health Resources and Services Administration ("HRSA"), U.S. Department of Health and Human Services ("HHS" or "the Department"). I have held this position with HRSA since March 28, 2021.

2. My duties include responding to requests for HRSA records under the FOIA, 5 U.S.C. § 552. These duties include leading, managing, and administering the nationwide FOIA program for HRSA, supervising, guiding, training, and mentoring the HRSA FOIA staff, logging FOIA requests into our FOIA management and tracking system, assigning FOIA tracking numbers, managing searches for HRSA records, providing guidance to HRSA records custodians or personnel regarding record searches, and determining whether to release or withhold records or portions of records in accordance with the FOIA and the HHS regulations implementing the FOIA.

3. I make the statements herein based on personal knowledge and information acquired while performing my official duties.

4. The purpose of this declaration is to explain HRSA's processing of the FOIA request at issue in this litigation and to explain the decision to withhold the names of certain government employees under the FOIA that Plaintiff contests.

## Processing of Plaintiff's FOIA Request

5. On December 12, 2023, Plaintiff submitted a FOIA request for records seeking the following: "All records sufficient to identify all agency personnel involved with the Countermeasures Injury Compensation Program ("the CICP")" (hereinafter "the Program").

6. On December 15, 2023, the Department sent Plaintiff an acknowledgment letter and assigned the request FOIA request number 12122024F109.

7. The HRSA FOIA Office tasked HRSA's Health System Bureau ("the Bureau") to search for potentially responsive records. The Program falls under the Bureau's Division of Injury Compensation Programs ("DICP"). The Bureau was asked to provide all potentially responsive records located to the HRSA FOIA Office by December 22, 2023.

8. On December 18, 2023, a Bureau program official informed the HRSA FOIA Office that the search was complete, and provided the responsive record, which consisted of one page, to the HRSA FOIA Office.

9. Plaintiff has represented that it is not currently challenging the adequacy of the Department's search.

10. The Bureau program official informed the FOIA Office staff that the Program was concerned about releasing the names of the Program staff. The Bureau program official pointed to certain harassing and abusive emails and text messages sent to Captain George Reed Grimes, who is the Director of the DICP and, to lower-level members of Program staff.

11. I met with Captain Grimes and the Deputy Director of the DICP (now retired), to learn about the harassment that the Program staff were subjected too.

12. They detailed the types of harassment that Captain Grimes and the staff had received. Captain Grimes explained that individuals had contacted his wife's personal cell phone and that he had purchased a home security system. We also discussed that the Program contacted both the U.S. Department of Homeland Security Federal Protective Services and local law enforcement.

13. I asked if the DICP had removed identifying information about the lower-level Program employees from their websites and the HHS Employee Directory. They informed me that the Program had started that process.

14. Upon learning of the harassment and invasions of privacy, I separately determined that the concerns raised by the Bureau official were valid and warranted withholding the Programs' staff members' names. I redacted portions of the record under FOIA Exemption 6 and issued a letter of final determination on December 27, 2023. A copy of the final determination letter, along with the redacted record, is attached as Exhibit 1.

15. On January 6, 2024, Plaintiff, through counsel, appealed HRSA's decision to withhold the Program staff's identities below the Deputy Director level.

16. On February 27, 2024, Plaintiff filed the Complaint in this action, seeking to compel the Department's compliance with FOIA. ECF No. 1.

**HRSA's Withholding Pursuant to Exemption 6**

17. FOIA Exemption 6 permits the withholding of information that if disclosed "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The disputed


withholdings involve the names of the thirty-five Program personnel below the Deputy Director level.

18. The Program provides compensation to eligible requesters for serious injuries and deaths directly resulting from the administration or use of one or more covered countermeasures, which includes the COVID-19 vaccines. The Program staff members' duties include processing requests for compensation under the program, logging requests, working with requesters to ensure that required medical documentation is submitted, and conducting review of claims by reviewing medical records. The authority to issue eligibility determinations is held by the Director of the DICP and no staff member under the Director level has authority to issue such determinations. The harassment and invasion of personal privacy appears to be directed at the Program staff due to their role in evaluating COVID-19 vaccine injury claims, which has spawned differing opinions and is considered "controversial" work by some.

19. Although they are federal employees, I withheld the lower-level employees' identities because there would be little to no public value served by releasing their names. They are not final decisions makers, and their information is not as widely known as the Director or Deputy Director. I released the names of the Director and Deputy Director because they are the decisions makers, and their information was already widely known on the internet.

20. The names withheld are those of low-level government employees with no executive responsibilities and I determined that they have a substantial privacy interest to be free from harassment, invasions of personal privacy, and the danger of harm.

21. In arriving at the determination to withhold the names responsive to Plaintiff's FOIA request, I balanced the public interest in revealing the names of the Program staff below the

Deputy Director level against the substantial privacy interest of protecting the safety and well-being of Program staff.

22. I determined that releasing the names of the Program staff below the Deputy Director level would reveal very little about the operations of the Program. While there may be some de minimus public interest in the names of individuals who work on the Program, the names of the employees do not reveal how the applications are processed, how the Program is administered, or how final determinations of applications are made.

23. There is information available on HRSA's website about the Program. *See* https://www.hrsa.gov/cicp. This publicly available information provides a plethora of information about the Program. Releasing the names of the staff members would not provide any additional information about how the Program is run.

24. Because there is such a clear threat of harassment, invasions of personal privacy, and potential harm for employees who are associated with the Program and the release of the names would not shed any significant light on how the Program is run, I determined that the privacy interests of the employees in not having their names associated with the Program outweighs any de minimus public interest in this information and therefore, should be withheld under Exemption 6.

25. I determined that the consequences of revealing the names of these individuals could be dangerous and substantially outweighed any public interest.

26. I did not think it was necessary for a staff member to experience physical danger before having the ability to withhold their name under FOIA Exemption 6.

27. It is reasonably foreseeable that disclosing these records would harm interests that Exemption 6 protects.

28. The Department believes that releasing the Program staff members' names would subject them to harassment, abuse, invasions of personal privacy, and could put their lives in danger.

29. I therefore determined that the privacy interests pertaining to the identities of the Program staff below the Deputy Director level outweighed the de minimus public interest in disclosing their identities, and accordingly withheld their identities under Exemption 6.

30. I reviewed the challenged record, line-by-line, and produced all the non-exempt material that could be reasonably segregated within the record.

31. I evaluated the relevant withholdings made under FOIA Exemption 6 and found that if the names were released, it is reasonably foreseeable that they could be used to contact Program staff members and send harassing and abusive communication and invade their personal privacy. None of the names could be released without this palpable risk being present.

I declare under penalty of perjury that the foregoing is true and correct.

Brian A. May -S
Digitally signed by Brian A. May -S
Date: 2024.07.12 09:32:16 -04'00'

Brian A. May
Freedom of Information Act Officer

Executed this 12th day of July 2024.