**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH RESOURCES AND SERVICES ADMINISTRATION et al.,<br><br>Defendants. | Civil Action No. 24-cv-00549-JMC |

**PLAINTIFF'S COUNTER-STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h)(1), Plaintiff, Informed Consent Action Network, by and through counsel, respectfully submits this response to Defendants', National Cancer Institute and U.S. Department of Health and Human Services ("Agency"), Statement of Undisputed Material Facts.

Plaintiff's Request

| No. | Defendants' Statement | Plaintiff's Response |
|---|---|---|
| 1. | On December 12, 2023, Plaintiff submitted a Freedom of Information Act ("FOIA") request to Defendants seeking the following: "All records sufficient to identify all agency personnel involved with the Countermeasures Injury Compensation Program ("CICP")." Brian May Decl. ¶ 5. | Undisputed. |
| 2. | On December 15, 2023, Defendants sent an acknowledgment letter to Plaintiff | Undisputed. |

| | | |
|---|---|---|
| | and assigned the request as FOIA Case No. 12122024F109. *Id*. ¶ 6. | |
| 3. | On December 27, 2023, Defendants sent Plaintiff a final determination letter and produced one responsive record with redactions pursuant to FOIA Exemption 6. *Id*. ¶ 14. | Undisputed. |
| 4. | The redactions consisted of the names of the Countermeasures Injury Compensation Program staff members below the Deputy-Director level. *Id*. ¶ 15; *see* Exhibit 3. | Disputed. While it is undisputed that Defendants have made this statement, without discovery, Plaintiff has no way to substantiate this claim as factually accurate. |
| 5. | On January 6, 2024, Plaintiff appealed Defendants' withholdings. May Decl. ¶ 15. | Undisputed. |
| 6. | On February 27, 2024, Plaintiff filed a Complaint against Defendants in Civ. A. No. 24-0549 (JMC). *Id*. ¶ 16. | Undisputed. |
| 7. | Plaintiff has represented it is not currently challenging the adequacy of the Agency's search. *Id*. ¶ 9. | Disputed. The basis that the statement is not entirely accurate.  Plaintiff represented the following to Defendants on June 25, 2024: "We are not challenging [the adequacy of the Agency's search] for purposes of summary judgment but reserve the right to do so if the redactions are lifted when our client has a better sense of what was produced." |
| 8. | The Public Readiness and Emergency Preparedness ("PREP") Act authorizes an administrative, no-fault compensation program to compensate (i) certain individuals or estates of individuals who sustain serious physical injuries and (ii) certain survivors of individuals who die, when such | Undisputed. |

| | | |
|---|---|---|
| | injuries or deaths are directly caused by the administration or use of covered countermeasures identified in and administered or used under a PREP Act declaration. George Reed Grimes Decl. ¶ 6. *See also* 42 U.S.C. § 247d-6e(a); 42 C.F.R. § 110.10(a). | |
| 9. | In 2020, the Secretary of HHS issued a PREP Act declaration for medical countermeasures against COVID-19, which includes COVID-19 vaccines that meet the criteria in the PREP Act declaration. Grimes Decl. ¶ 7. | Undisputed. |
| 10. | A claim is eligible for compensation only when there is "compelling, reliable, valid, medical and scientific evidence" that a covered countermeasure directly caused a serious physical injury or death. 42 U.S.C. §247d-6e(b)(4). | Undisputed. |
| 11. | Individuals may seek compensation by filing a Request for Benefits and submitting the required documentation, such as medical records, supporting their claim. Grimes Decl. ¶ 8. | Undisputed. |
| 12. | The Countermeasures Injury Compensation Program ("the Program") administrative staff perform a variety of administrative functions, including reviewing incoming Request Packages to confirm that all expected documentation is received, and that the requester met the statutory one-year filing | Disputed. While it is undisputed that Defendants have made this statement, without discovery, Plaintiff has no way to substantiate this claim as factually accurate. |

| | | |
|---|---|---|
| | deadline. *Id.* ¶ 9. | |
| 13. | The Program administrative staff also communicates with requesters regarding their claims. *Id.* | Disputed. While it is undisputed that Defendants have made this statement, without discovery, Plaintiff has no way to substantiate this claim as factually accurate. |
| 14. | The Program medical review staff review the submitted documentation and evaluate whether there is compelling, reliable, valid, medical, and scientific evidence that a covered countermeasure directly caused a serious injury or death. *Id.* ¶ 10. | Disputed. While it is undisputed that Defendants have made this statement, without discovery, Plaintiff has no way to substantiate this claim as factually accurate. |
| 15. | Only the Director of the Division of Injury Compensation Programs is delegated authority to make eligibility determinations. *Id.* | Disputed. While it is undisputed that Defendants have made this statement, without discovery, Plaintiff has no way to substantiate this claim as factually accurate. Defendants have provided no legal authority to support this statement. |
| 16. | On at least two occasions, the general Program email inbox has received harassing emails containing abusive language such as "I have absolutely no legal recourse because of your commie bull[EXPLETIVE] and your forced approval of a known dangerous drug. [EXPLETIVE] YOU SO [EXPLETIVE] MUCH DEATH TO AMERICA" and "GO [EXPLETIVE] YOUR SELF LEFTIST PROPAGANDA FREAK." *Id.* ¶ 11. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 16, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed that the emails were "harassing" or constituted "abusive language." That is a legal conclusion and not a fact. |
| 17. | Harassing voicemails have been left on government phones berating government employees and referencing sexually explicit acts. *Id.* ¶ 12. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 17, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis. |

4

| | | |
|---|---|---|
| | | Disputed that the voicemails were "harassing." That is a legal conclusion and not a fact. |
| 18. | The Director of the Division of Injury Compensation Program ("DICP"), Captain George Reed Grimes, has received emails asking him personal questions such as why his wife did not opt to take his last name, as well as harassing communication sent to his personal cellphone number. *Id.* ¶ 13. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 18, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed that the communications were "harassing." That is a legal conclusion and not a fact. |
| 19. | Captain Grimes, as well as two other staff members who support the Program, have received harassing and abusive language sent to their government email account and voicemail. These emails include being told that "Hitler had the same mindset," that they are a "coward," that they "lie and cover [their expletives]," that "God is watching," that they are "useless DNA," that they "suck the life out of people," references to explicit sexual acts, and that "Human life means nothing!" *Id.* ¶ 14. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 19, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed that the communications were "harassing" or "abusive." That is a legal conclusion and not a fact. |
| 20. | Other harassing and abusive emails include attachments. One included an image that said, "Sometimes you have to stay silent because no words can explain what is going on in your mind and your heart." The text of the actual email said, "Not in this case. You inconsiderate fools need to do your jobs. I sometimes wonder how you could act if this was your loved ones. Not really, you already lie to protect | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 19, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed that the communications were "harassing" or "abusive." That is a legal conclusion and not a fact. |

| | | |
|---|---|---|
| | yourself." Attached to a different email was an image that said, "Some people were not put here to evolve. They are here to remind you what it looks like if you don't." The text of the actual email said "So true. You are all an embarrassment. [Explicit] and do your job!" *Id*. ¶¶ 14, 16. | |
| 21. | Captain Grimes' wife has also received similar harassing messages on her personal cellphone. *Id*. ¶ 15. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 20, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed that the communications were "harassing." That is a legal conclusion and not a fact. |
| 22. | Another Program staff member ("Staff member 2") spoke with requesters via telephone and on several occasions was subjected to verbally abusive language and was compelled to terminate phone calls. *Id*. ¶ 17. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 22, and on that basis, ICAN cannot state that these facts are undisputed and dispute them on that basis.<br><br>Disputed that the communications were "abusive." That is a legal conclusion and not a fact. |
| 23. | Staff member 2 also communicated with requesters via email, and received abusive, threatening, and harassing emails via that medium as well. *Id*. ¶ 18. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 23, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed that the communications were "harassing" or "abusive" or "threatening." These are legal conclusions and not facts. |
| 24. | Captain Grimes, Staff member 2, and another Program staff member ("Staff member 3") | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary |

| | | |
|---|---|---|
| | received an email with "Hahahaha" in the subject line and an attached picture of Staff member 2 and their spouse together at a private function. *Id*. | Judgment No. 23, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis. |
| 25. | Staff member 2 included an Out of Office message on their email, which included contact information for Captain Grimes and Staff member 3. A requester used this notification to initiate harassing emails to Captain Grimes and Staff member 3. Id. ¶ 19. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 24, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed that the communications were "harassing." That is a legal conclusion and not a fact. |
| 26. | Staff member 3 received an email containing derogatory language and linking to an article written about them at their prior place of employment. *Id*. ¶ 20. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 25, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed that the communications were "derogatory." That is a legal conclusion and not a fact. |
| 27. | Staff member 3 received an email included a screenshot of an article written about a school shooting at their alma mater. *Id*. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 25, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis. |
| 28. | Captain Grimes reported the invasions of his and his staff's personal privacy and the harassing behavior to a local police department and to the Department of Homeland Security's Federal Protective Services. *Id*. ¶¶ 20, 22. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment Nos. 25-27, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed that the communications were "harassing" or "invasions of . . . personal privacy." These are legal conclusions and not facts. |

7

| | | |
|---|---|---|
| 29. | The Program implemented safeguards to prevent disclosure of information that would externally identify individual roles within the relevant Program to address safety concerns, including informing staff of the safety concerns and recommending they remove mention of specific programmatic roles/employment on social media pages, removing names from Program documentation when not necessary, and disseminating instructions to staff on how to post safe Out of Office messages. *Id*. ¶ 24. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment Nos. 28-29, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis. |
| 30. | As a direct result of the harassment invasion of his personal privacy, Captain Grimes purchased an alarm system for his home. *Id*. ¶ 25. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 30, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis. Disputed that the communications were "harassment" or "invasion of his personal privacy." These are legal conclusions and not facts. |
| 31. | The harassment also impacted the timing of Captain Grimes' decision to get a dog to contribute to home security. *Id*. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 30, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis. Disputed that the communications were "harassment." That is a legal conclusion and not a fact. |
| 32. | Prior to releasing the redacted responsive record to Plaintiff, HRSA FOIA Officer Brian May was informed that the Program | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 1, and on that basis, ICAN cannot |

| | | |
|---|---|---|
| | was concerned about releasing the names of the Program staff because of the harassing and abusive emails and text messages sent to Captain Grimes and to lower-level members of Program staff. May Decl. ¶ 10. | state that these facts are undisputed and disputes them on that basis. Disputed that the communications were "harassing" or "abusive." These are legal conclusions and not facts. |
| 33. | FOIA Officer May met with Captain Grimes and the now-retired Deputy Director of the DICP to learn about the harassment that the Program staff were subjected too. *Id*. ¶ 11. | Disputed. While it is undisputed that Defendants have made this statement, without discovery, Plaintiff has no way to substantiate this claim as factually accurate. Disputed that the communications were "harassment." That is a legal conclusion and not a fact. |
| 34. | Captain Grimes and the former Deputy Director detailed to FOIA Officer May the types of harassment that Captain Grimes and the staff had received. *Id*. ¶ 12. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 2, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis. Disputed that the communications were "harassment." That is a legal conclusion and not a fact. |
| 35. | Captain Grimes explained to FOIA Officer May that individuals had contacted his wife's personal cell phone and that he had purchased a home security system. *Id*. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 2, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis. |
| 36. | They also discussed that the Program contacted both the U.S. Department of Homeland Security Federal Protective Services and local law enforcement. *Id*. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 2, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis. |
| 37. | FOIA Officer May asked if the DICP had removed identifying information about the lower-level | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary |

| | | |
|---|---|---|
| | Program employees from their websites and the HHS Employee Directory, to which they informed him that the Program had started that process. *Id*. ¶ 13. | Judgment No. 13, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis. |
| 38. | After learning of the harassment and invasions of privacy, FOIA Officer May separately determined that the concerns raised were valid and warranted withholding the Programs' staff members' names. *Id*. ¶ 14. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 19, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed that the communications were "harassment" or "invasions of privacy." These are legal conclusions and not facts. |
| 39. | FOIA Officer May determined that there would be little to no public value served by revealing the lower-level employees' identities. *Id*. ¶ 15. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 20, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed. The statement is a legal conclusion and not a fact. |
| 40. | The staff members whose names were withheld are not final decisions makers, and their information is not as widely known as the Director or Deputy Director. *Id*. ¶ 19. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 5, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis. |
| 41. | The Director and Deputy Director are the decisions makers, and their information was already widely known on the internet. *Id*. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 5, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis. |
| 42. | The names withheld are those of low-level government employees with no executive responsibilities. *Id*. ¶ 20. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 6, and on that basis, ICAN cannot |

| | | state that these facts are undisputed and disputes them on that basis. |
|---|---|---|
| 43. | Releasing the names of the Program staff below the Deputy Director level would reveal very little about the operations of the Program and how it is run. *Id*. ¶ 22. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 8, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed. This is legal conclusion and not a fact. |
| 44. | The names of the employees do not reveal how the applications are processed, how the Program is administered, or how final determinations of applications are made. *Id*. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 8, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed. This is legal conclusion and not a fact. |
| 45. | There is a plethora of publicly available information online on HRSA's website about the Program. *Id*. ¶ 23; *see also* https://www.hrsa.gov/cicp. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 9, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis. |
| 46. | The consequences of revealing the names of these individuals could be dangerous and substantially outweighs any public interest. May Decl. ¶ 25. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 11, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed. This is legal conclusion and not a fact. |
| 47. | Releasing the Program staff members' names would subject them to harassment, abuse, invasions of personal privacy, and could put their lives in danger. *Id*. ¶ 28. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 13, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed. This is legal conclusion and not a fact. |

| | | |
|---|---|---|
| 48. | FOIA Officer May reviewed the challenged record, line-by-line, and produced all the non-exempt material that could be reasonably segregated within the record. *Id*. ¶ 30. | Disputed. While it is undisputed that Defendants have made this statement, without discovery, Plaintiff has no way to substantiate this claim as factually accurate.<br><br>Disputed. This is a legal conclusion and not a fact. |
| 49. | If any of the redacted the names were released, it is reasonably foreseeable that they could be used to send harassing and abusive communication to Program staff and invade their personal privacy. None of the names could be released without this palpable risk being present. *Id*. ¶ 31. | Disputed. Defendants' evidence is inadmissible. *See* Plaintiff's Evidentiary Objection to Defendants' Evidence in Support of Its Motion for Summary Judgment No. 15, and on that basis, ICAN cannot state that these facts are undisputed and disputes them on that basis.<br><br>Disputed. This is a legal conclusion and not a fact. |
| 50. | | ICAN is a not-for-profit news media organization that actively investigates and disseminates scientifically based health information regarding the safety of vaccines and other medical treatments for free through its website and its weekly health news and talk show. Dkt. 1-1 at 2. |
| 51. | | ICAN's mission is to put health information in the hands of the public to enable informed consent concerning medical decisions. *Id*. |
| 52. | | On January 6, 2024, Plaintiff appealed Defendants' withholdings. May Decl. ¶ 15; Dkt. 1 ¶ 9. Defendants did not respond by February 26, 2024, which was the deadline for Defendants to respond pursuant to FOIA. 5 U.S.C. § 552. |
| 53. | | As of July 1, 2024, 13,309 CICP claims related to COVID-19 countermeasures had been filed, and 10,402 were still pending review. Decl. of Allison R. Lucas. *See also* Countermeasure Injury Compensation Program (CICP) Data, HRSA, (Aug. 5, 2024), https://www.hrsa.gov/cicp/cicp-data. |
| 54. | | To date, CICP has compensated only 13 of those |

| | | |
|---|---|---|
| | | claims. *Id*.; Decl. of Allison R. Lucas |
| 55. | | The average payout on COVID-19 vaccine injury claims to date is $3,743.18. By comparison, CICP's average payout on injuries related to the H1N1 vaccine was $198,450.12. *Id*.; Decl. of Allison R. Lucas. |
| 56. | | Over 78% (10,402/13,309) of the COVID-19 countermeasure claims remain "pending review or in review." *Id*.; Decl. of Allison R. Lucas. |
| 57. | | In rare instances where a decision has been reached, 98% of those COVID-19 countermeasure claims have been denied (2,855/2,907). *Id*.; Decl. of Allison R. Lucas. |
| 58. | | CICP has awarded compensation to 0.09% of total COVID-19 claimants (13/13,309). *Id*.; Decl. of Allison R. Lucas. |
| 59. | | In Fiscal Year 2023, CICP spent $13.15 million on administrative expenses and $0 on claims. *Id*. Decl. of Allison R. Lucas. *See also* (https://www.usaspending.gov/federal_account/075-0343). |
| 60. | | Only 375 of the 13,309 COVID-19 filed claims have been dismissed for not meeting the standard of proof and/or a covered injury was not sustained, so these are the only ***substantive*** decisions to date. https://www.hrsa.gov/cicp/cicp-data. All other claims were denied by CICP employees for not meeting technical requirements. *Id. See also*, Decl. of Allison R. Lucas. |
| 61. | | What little that is publicly known about the program is available on HRSA's website (https://www.hrsa.gov/cicp). *See also* Decl. of Allison R. Lucas; May Decl. ¶ 23. |
| 62. | | Beyond this high-level information provided online by the government, there are very few details concerning the CICP process available to the public. |

13

| | | |
|---|---|---|
| | | *Id.*; Decl. of Allison R. Lucas. |
| 63. | | CICP claimants have no opportunity for discovery nor any method to request or review documents CICP employees relied upon to reach their determination. *Id.*; Decl. of Allison R. Lucas. |
| 64. | | The government provides no rubric, manual, or set of guidelines or standards that are used to decide requests. Instead, the government states that "To establish a covered injury, the CICP must determine that the injury sustained was the direct result of the administration or use of a covered countermeasure. Under the Public Readiness and Emergency Preparedness Act (PREP Act), the CICP may only make such determinations based on compelling, reliable, valid, medical, and scientific evidence." https://www.hrsa.gov/cicp/criteria-demonstrate-covered-injury-occurred. *See also* Decl. of Allison R. Lucas. |
| 65. | | This standard is determined by individuals that Defendants refuse to identify. A claimant has no way to confirm whether CICP employees are qualified or have any conflicts of interest. *See generally*, Dkt. 1 and exhibits thereto; Decl. of Allison R. Lucas. |
| 66. | | If denied benefits, a claimant may request reconsideration from HHS within 60 days. https://www.hrsa.gov/cicp/faq  (See the question "What if the CICP determines that I am not eligible for benefits?"). Decl. of Allison R. Lucas. |
| 67. | | The U.S. government helped develop, distribute, authorize, approve, recommend, and mandate the COVID-19 vaccine and is now responsible for deciding claims of COVID-19 vaccine injury in CICP, which is the only remedy available to those injured by the COVID-19 vaccine. Decl. of Allison R. Lucas. *See also* https://www.hhs.gov/about/news/2023/07/13/letter-covid-19-vaccine-manufacturers.html; (Grimes Decl. ¶¶ 6-8); 42 |

| | | |
|---|---|---|
| | | U.S.C. § 247d-6e; 42 CFR § 110.10. |
| 68. | | In Fiscal year 2024, CICP requested $15 million. https://oversight.house.gov/wp-content/uploads/2024/02/HRSA_SSCP-Testimony-for-02.15.2024-Hearing.pdf. Decl. of Allison R. Lucas |
| 69. | | The CICP has been the topic of a Congressional hearing and additionally has been the subject of public interest via NIH articles and litigation. *See e.g.*, A80C5322-F694-4803-BC15-BE3B0D4708D1 (senate.gov); https://www.congress.gov/event/118th-congress/house-event/LC72556/text; https://pubmed.ncbi.nlm.nih.gov/35382431/; *Smith v HRSA. et al.*, no. 23-01425 (W.D. La. filed Oct. 10, 2023; and *Smith v HRSA. et al.*, no. 24-00334 (N.D. Tex. Filed April 18, 2024). Decl. of Allison R. Lucas. |

DATED: August 14, 2024

Respectfully submitted,

SIRI & GLIMSTAD LLP

*/s/ Allison R. Lucas*
Allison R. Lucas, DC Bar No. MI0105
220 West Congress Street, 2nd Floor
Detroit, MI 48226
Tel: (888) 747-4529
alucas@sirillp.com

Elizabeth A. Brehm, DC Bar No. NY0532
745 Fifth Avenue
Suite 500
New York, NY 10151
Tel: (888) 747-4529
ebrehm@sirillp.com